IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

CLAIRE BALL,

                Plaintiff,

v.                                                        OPINION and ORDER

ANDREW SAUL,                                            18-cv-888-jdp
Commissioner of the Social Security Administration,

                Defendant.[1]

---

Plaintiff Claire Ball seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding Ball not disabled within the meaning of the Social Security Act. Ball raises numerous objections on appeal, but the court concludes that none of them require a remand. The court will affirm the commissioner's decision and cancel the oral argument scheduled for August 6, 2019.

ANALYSIS

Administrative Law Judge Ahavaha Pyrtel reached the following conclusions that are relevant to the appeal: (1) Ball suffers from four severe impairments (inflammatory arthritis, fibromyalgia, diabetes, and obesity) and several nonsevere impairments, including anxiety; (2) Ball can perform light work, with some additional restrictions, including that "she must be able to exercise a sit/stand at will as often as every 30 minutes, provided that she is not off-task

---

[1] The court has amended the caption to reflect the appointment of the new commissioner.

more than 10% each work day," R. 39;[2] and (3) Ball can perform her past relevant work as a case aid and preschool teacher as well as other jobs in the national economy such as referral clerk and museum registrar.

Ball raises the following issues on appeal:

1. The ALJ provided an internally inconsistent residual functional capacity assessment (RFC) as it relates to a sit/stand option.

2. The ALJ failed to explain why she believed that Ball would be off task 10 percent of the time.

3. The ALJ failed to address the combined effects of Ball's severe impairments.

4. The ALJ failed to include any restrictions related to concentration, persistence, or pace in the RFC.

5. The ALJ failed to compare the duties of Ball's past jobs with her current abilities.

6. The ALJ didn't identify specific skills that would allow Ball to perform other jobs and didn't explain how any skills would transfer to the other jobs.

7. The Appeals Council erred in rejecting new evidence that Ball submitted.

8. The ALJ conducted a faulty evaluation of Ball's subjective complaints.

The court will address each issue in turn.

A. **Evaluation of subjective complaints**

Although Ball addresses this issue last in her briefs, the court will address it first because it overlaps with some of Ball's other arguments. In evaluating Ball's subjective complaints, the ALJ correctly articulated the two-step process by noting that an ALJ first must determine whether the claimant has an impairment that could produce her symptoms and second must evaluate the severity of those symptoms. R. 40. The ALJ also stated that Ball's statements were

---
[2] Record cites are to the administrative transcript, located at Dkt. 9.

"not entirely consistent" with the evidence, R. 46, which is language that the court of appeals has criticized repeatedly. *E.g.*, *Stark v. Colvin*, 813 F.3d 684, 688 (7th Cir. 2016). But an ALJ's use of incorrect boilerplate is not reversible error "if the ALJ otherwise identifies information that justifies the credibility determination." *Moore v. Colvin*, 743 F.3d 1118, 1122 (7th Cir. 2014).

In this case, the ALJ identified numerous reasons for not crediting all of Ball's statements about the intensity, persistence, and limiting effects of her symptoms:

- she made inconsistent statements about whether her condition was worsening, R. 40;

- she mischaracterized the reasons the Department of Vocational Rehabilitation gave for closing her case, R. 41;

- she made inconsistent statements about whether she had hearing problems, R. 41;

- she stated in a January 2016 function report that she needed to avoid prolonged sitting, even though she had just returned from a car trip to Florida, R. 41;

- she gave inconsistent answers in two different function reports and in her hearing testimony regarding her need for an assistive device and when she was prescribed one, R. 42;

- she gave inconsistent answers about whether she needed someone to accompany her when she went shopping, how difficult it was for her to push a shopping cart, how much pain shopping caused her, and when she began having these difficulties, R. 42;

- allegations that she needed an assistive device were inconsistent with "numerous" medical records stating that her gait was normal, R. 42;

- she stated in a function report that she was unable to open her hands and needed help to dress, but her physical therapy records indicate that she is able to care for herself independently, R. 43;

- she stated in a function report that she was vacuuming, which is inconsistent with other statements she made about her ability to push, pull, reach, and use her hands, R. 44;

3

- she tried to get an early refill of medications by telling her doctor that she lost her medications when lighting struck her house, R. 45;

- she stated at the hearing that physical therapy was ineffective, but her medical records indicated she felt better with therapy, R. 45;

- she stated at the hearing that her feet feel like they are "on fire" and "soft touches" feel like "hard punches," but few medical providers reported that she was in acute distress, R. 45;

- she gave inconsistent statements about her level of pain, R. 45;

- she testified at the hearing that she often had swelling in her ankles, but this wasn't reflected in her medical records, R. 45.

Ball criticizes the ALJ for failing to identify all the statements that she credited or discredited. But the ALJ isn't required to provide that level of specificity. *Shideler v. Astrue*, 688 F.3d 306, 312 (7th Cir. 2012) ("[A]n ALJ's credibility findings need not specify which statements were not credible."). Rather, it is enough if the ALJ's credibility determination is "reasoned and supported." *Id.* at 311.

As noted above, the ALJ gave numerous reasons for questioning Ball's credibility. Ball challenges a few of the reasons in her opening brief, but she ignores most of them. This is reason enough to uphold the ALJ's analysis of this issue. An ALJ's credibility determination doesn't have to be "perfect," *id.* at 312, so an isolated error doesn't require a remand. *See Bates v. Colvin,* 736 F.3d 1093, 1098 (7th Cir. 2013) (upholding ALJ's credibility assessment even though some of his reasoning was not supported by the record).

Ball doesn't deny that she gave many inconsistent statements about her symptoms and she doesn't deny that inconsistent statements are an adequate basis for questioning a claimant's credibility. *See Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (upholding ALJ's determination that the plaintiff's subjective complaints "were not entirely credible" because of

4

the plaintiff's multiple inconsistent statements). Instead, Ball says that the ALJ erred by failing to acknowledge her *consistent* statements. But Ball cites no authority that would have required the ALJ to undergo such an exhaustive analysis. She relies on the general proposition that the ALJ may not ignore evidence that undermines her conclusions, but as is demonstrated by the case Ball cites, the court of appeals has applied that rule to the ALJ's discussion of medical records, not to individual statements made by the claimant. *See Plessinger v. Berryhill*, 900 F.3d 909, 915 (7th Cir. 2018) (discussing ALJ's failure to address portions of medical opinion that supported the plaintiff's claim). And it would make little sense to extend the rule as Ball suggests. An administrative record likely will include hundreds of different statements from the claimant, most of which will be consistent with each other, even in cases in which the plaintiff is exaggerating his symptoms. So examples of consistent statements have little probative value. *See Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010) ("The ALJ need not, however, discuss every piece of evidence in the record and is prohibited only from ignoring an entire line of evidence that supports a finding of disability."). Particularly in a case like this one in which the ALJ identified so many inconsistencies, the ALJ wasn't required to enumerate counter examples.

Because Ball has failed to show that the ALJ's evaluation of Ball's subjective complaints was "patently wrong," Ball isn't entitled to a remand on this issue. *Summers*, 864 F.3d at 528 ("We give the ALJ's credibility finding 'special deference' and will overturn it only if it is 'patently wrong.'").

B.  **Other issues**

The other issues Ball raises do not require extended discussion. First, Balls challenges as internally inconsistent the portion of the RFC stating that Ball "must be able to exercise a

sit/stand at will as often as every 30 minutes." Specifically, Ball says that the meaning of "at will" is inconsistent with the meaning of "every 30 minutes." But the court is not persuaded that either the ALJ or the vocational expert were confused by this restriction. Perhaps the phrase "at will" is unnecessary, but it is clear that the ALJ was restricting Ball to jobs that allowed her to change positions every 30 minutes. During the administrative hearing, the vocational expert asked for clarification: "So when you say alternate at will, can you give a little bit more information as to how often?" R. 114. The ALJ replied, "Let's assume the person is alternating at will possibly as often as 30 minutes." *Id.* This shows that the ALJ viewed "30 minutes" as a qualifier for "at will," and she communicated that understanding to the vocational expert. Ball cites nothing in the record that would support a restriction that allowed her to change positions continuously, which is how she construes "at will."

Second, Ball relies on *Lanigan v. Berryhill*, 865 F.3d 558 (7th Cir. 2017), for the proposition that a remand is required because the ALJ failed to explain why she concluded that Ball would be off-task 10 percent of the time. But *Lanigan* is distinguishable because the plaintiff in that case pointed to evidence that he would be off-task more often than the amount found by the ALJ. *Id.* at 563. Ball cites no evidence or even identifies a reason why she would be off-task more than 10 percent of the work day. *See Madden v. Saul,* No. 18-cv-605-bbc, 2019 WL 3059904, at *5 (W.D. Wis. July 12, 2019) (declining to reverse on this ground when the plaintiff did "not identify any evidence that the administrative law judge failed to consider or account for in choosing the 10-percent limit"); *Wennersten v. Colvin*, No. 12-cv-783-bbc, 2013 WL 4821474, at *2–3 (W.D. Wis. Sept. 10, 2013) ("[The plaintiff] cites no evidence to support a conclusion that any of his impairments would cause him to be off task more than [what the ALJ found]. That failure alone is a sufficient ground to affirm the decision.").

Third, Ball says that the ALJ erred by failing to consider the combined effects of her impairments. But this argument fails because the ALJ didn't conduct her analysis impairment by impairment. Rather, she simply considered the effect of Ball's symptoms on her ability to work, regardless which impairment caused the symptom. So it isn't clear what Ball believes the ALJ should have done differently. Although Ball lists several groups of impairments that she says the ALJ failed to consider together, Ball doesn't actually identify any evidence of limitations that the ALJ ignored. *See Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016) (a claimant is not entitled to a remand if she does not "identify medical evidence that would justify further restrictions"); *Hoy v. Astrue,* 390 F. App'x 587, 592 (7th Cir. 2010) (rejecting argument that the ALJ failed to consider effect of impairments in combination when the plaintiff "only speculate[d] about the effect of these conditions on him").

Fourth, Ball says that the ALJ erred by failing to include any restrictions related to concentration, persistence, or pace in the RFC despite finding that Ball had a "mild limitation" in that functional area. But a review of the ALJ's decision shows that she didn't believe that Ball required a restriction in her RFC related to concentration, persistence, or pace. Although the ALJ stated that Ball had a mild limitation, the ALJ also explained that Ball "did not seem to have any trouble maintaining her attention or concentration." R. 39. Neither the ALJ nor Ball have cited evidence that would undermine that conclusion. (The ALJ didn't discuss "pace" separately, but Ball doesn't contend that the ALJ overlooked evidence on that issue.) Ball refers generally to her anxiety, but she doesn't explain how she believes her anxiety limits her ability to work. And she doesn't challenge the ALJ's determination to give significant weight to psychological consultants Esther Lefevre and Stephen Kleming, neither of whom identified any work restrictions related to Ball's anxiety. R. 37–38, 126–46. Again, because Ball hasn't

7

identified any additional restrictions that are supported by medical evidence, she isn't entitled to a remand on this ground.

Fifth, Ball says that the ALJ erred by failing to compare Ball's abilities with the duties of her past jobs as a preschool teacher and case aid before finding that she could still perform those jobs. Ball relies on *Nolen v. Sullivan*, 939 F.2d 516, 518 (7th Cir. 1991), and *Rainey v. Berryhill*, 731 F. App'x 519, 523–24 (7th Cir. 2018), but neither case supports Ball's claim. As the court of appeals has explained, *Nolen* stands for the proposition that "an ALJ cannot describe a previous job in a generic way, e.g., 'sedentary,' and on that basis conclude that the claimant is fit to perform all sedentary jobs without inquiring into any differences in what the job requires while sitting." *Cohen v. Astrue*, 258 F. App'x 20, 28 (7th Cir. 2007). That is not what the ALJ did in this case. Rather, the ALJ relied on the testimony of a vocational expert after informing the expert of both the specific jobs that Ball had performed and the limitations in the RFC. R. 46–47. As other courts have noted, there is no need for the ALJ to conduct a "function-by-function" comparison when the vocational expert has already done that. *See, e.g.*, *Doris J. v. Comm'r of Soc. Sec.*, No. 17-cv-1389-cjp, 2018 WL 6398913, at *4 (S.D. Ill. Dec. 6, 2018).

*Rainey* is also distinguishable, for two reasons: (1) the ALJ couldn't rely on the vocational expert's testimony in that case because the plaintiff's past work didn't match the classification that the vocational expert applied to that work; and (2) the plaintiff in *Rainey* pointed to evidence that she couldn't do some of things required to perform her past jobs. *Rainey*, 731 F. App'x at 523–24. In this case, Ball doesn't contend that the vocational expert used the wrong job classification. Ball does contend that the requirements of her past jobs would be inconsistent with a sit/stand option, but this contention rests on the assumption that

she must be allowed to change positions at any time rather than every 30 minutes. *See* Dkt. 20, at 12. Because the court has concluded that the RFC allows Ball to change positions as often as every 30 minutes, this contention fails.

Sixth, Ball says that the ALJ erred in concluding that she could perform other jobs in the economy because the ALJ failed to identify specific skills that she possessed that would transfer to the other jobs. Because the court is affirming the ALJ's determination that Ball could perform her past relevant work, it does not matter whether Ball could perform other jobs. *See* 20 C.F.R. § 404.1520 ("If you can still do your past relevant work, we will find that you are not disabled."). In any event, the ALJ relied on the testimony of the vocational expert in concluding that Ball could perform jobs such as a referral clerk. R. 47, 115. Because Ball's counsel didn't object to the vocational expert's testimony at the administrative hearing, Ball forfeited this issue. *See Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016).

Seventh (and last), Ball says that the Appeals Council erred in declining to consider additional medical records that Ball submitted after the ALJ issued her decision, including an opinion from treating physician Maria Goetzen. This argument relates to 20 C.F.R. § 404.970(a)(5), which states that the council will review an ALJ's decision if the council "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."

Ball characterizes the council's decision as rejecting the evidence on the ground that it wasn't "material," but that isn't right. The council rejected the evidence on the ground that it didn't relate to the period of disability, which was September 2014 to March 2018. R. 8. Whether evidence is "material" and whether evidence is time-relevant are different questions.

9

*Stepp v. Colvin*, 795 F.3d 711, 723–24 (7th Cir. 2015) ("The requirement that newly submitted evidence 'relate[ ] to the period on or before the date of the [ALJ] hearing decision,' 20 C.F.R. § 404.970(b), is distinct from the mandate that it also be 'new and material.'" (alterations in original)).

Ball doesn't deny that the records she submitted are all dated after the relevant period. And she doesn't identify any statements in those records suggesting that they relate to an earlier time. Instead, Ball says that the council should have inferred that the records were time-relevant from the length of her treating relationship with Goetzen and from the fact that "Ball did not suffer an exacerbation of any impairment in the period between the date of the ALJ's decision and the date of Dr. Ball's opinion." Dkt. 20, at 16. But Ball doesn't cite anything from the new records that would show either how long Goetzen had been treating her or whether Ball's condition was getting better or worse.[3] And Ball cites no authority that would require the council to review the entire record to decide whether new evidence is time-relevant. *See Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir. 1989) (affirming council's decision not to consider "reports postdating the hearing" because they "speak only to [the claimant's] current condition, not to his condition at the time his application was under consideration by the Social Security Administration"). So the court declines to remand the case on the ground that the Appeals Council erred in declining to consider the evidence that Ball submitted.[4]

---

[3] In fact, as the ALJ observed, Ball *had* alleged previously that her condition was worsening. R. 40 ("[T]he claimant stated that her condition was worsening, noting that her arthritis had spread to her hips. She noted worse pain in her back and knees as well as two inoperable cysts on her ovaries with pelvic pain." (citing R. 316)).

[4] The parties also debate whether there is a reasonable probability that the additional evidence would have changed the outcome of the ALJ's decision. But the Appeals Council didn't consider that question, and neither side addresses whether the district court may consider questions that the council didn't reach. Because the court is affirming the decision on other grounds, the

C.  **Conclusion**

Although Ball has challenged the ALJ's decision on many grounds, the court is not persuaded that she has identified any errors that require a remand. The court concludes that the ALJ's decision is supported by substantial evidence and will affirm the decision. *See Jozefyk v. Berryhill,* 923 F.3d 492, 496 (7th Cir. 2019) ("An ALJ's decision will be upheld if supported by substantial evidence, which means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotations omitted)).

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED and the oral argument is CANCELLED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered July 25, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

court need not reach the question either. It is also unnecessary to consider whether Ball showed "good cause" for failing to submit the new evidence earlier, as required under 20 C.F.R. § 404.970(b).